UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REM TO,

    Defendant.
_____/

Case No. 1:13-cr-89-2

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release (ECF No. 163). The government filed a response in opposition (ECF No. 166). For the reasons stated below, the Court denies Defendant's Motion.

Defendant pleaded guilty to conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(viii), and was sentenced by U.S. District Judge Robert Holmes Bell on March 26, 2014 to 170 months of imprisonment. On February 16, 2016, Judge Bell granted Defendant's motion under 18 U.S.C. § 3582(c) and reduced Defendant's sentence to 151 months. Defendant's estimated release date is December 13, 2024. Defendant now moves for a compassionate release or reduced sentence based on (1) an alleged sentencing disparity, (2) the COVID-19 pandemic, and (3) the desire to care for his daughter.

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is entered. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce sentences or obtain compassionate release under certain circumstances. If the defendant has exhausted his

administrative remedies, the Court applies a three-step test. At step one, the Court must determine "whether 'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). At step two, the Court must evaluate whether a sentence reduction is consistent with any applicable policy statement of the Sentencing Commission. *Id.* at 1108. The Sixth Circuit, however, has held that U.S.S.G. 1B1.13 is not a policy statement that limits the Court's consideration of a compassionate release motion. *Id.* Therefore, the Court need not analyze a defendant's request for consistency with U.S.S.G. 1B1.13. At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). The Sixth Circuit has clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Court, having reviewed the record, finds that Defendant has failed to show an extraordinary and compelling reason. First, Defendant's sentencing disparity argument is unpersuasive because Defendant's sentence was reduced in 2016 to the lowest possible sentence consistent with U.S.S.G. § 1B1.10(b)(2)(A). To the extent Defendant is now arguing that a nonretroactive change to the sentencing laws amounts to extraordinary and compelling reason, the Sixth Circuit has expressly rejected that argument. *United States v. McCall*, 56 F.4th 1048, 1065-66 (6th Cir. 2022). Second, the pandemic itself is not considered an extraordinary and compelling reason "absent extenuating circumstances." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022). Defendant has not shown any extenuating circumstances because there is no evidence that

he suffers any unusual medical risk or vulnerability. Finally, although Defendant's "desire to assist in the care of his 16 year-old daughter" with his mother-in-law is commendable, he has not shown that his mother-in-law is incapacitated or unable to provide the necessary care (ECF No. 163 at PageID.800). Moreover, the ICE detainer makes it unlikely that Defendant would be able to reside with his daughter and mother-in-law if he was released. Accordingly, the Court is not persuaded that Defendant has shown an extraordinary or compelling reason on this this record.

Additionally, even if Defendant's motion contained an extraordinary and compelling reason that justified compassionate release, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020); *see also United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("Even if those [statutory] conditions are met, therefore, a district court may still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify it."). Here, considering the relevant factors on the record as a whole, the Court determines that the balance weighs against a sentence reduction. Specifically, reducing Defendant's sentence would undermine the need for a sentence to reflect the serious nature of the offense and to promote specific and general deterrence.

In sum, the Court, in its discretion, denies Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 163) is DENIED.

Dated:  April 11, 2023                                                        /s/ Janet T. Neff
                                                                                         JANET T. NEFF
                                                                                         United States District Judge